IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

**BENETTON TRADING USA, INC.**

    **Plaintiff**                                       CIVIL CASE NO. 8:11-cv-00469-PJM

    V.                                                   ANSWER

**Benemills, INC.**

    **Defendant**

## ANSWER

Defendant BENEMILLS, INC. (the "Defendant"), by and through the undersigned counsel, hereby Answers the Complaint filed Benetton Trading USA, Inc. ("Benetton") and states the following:

## ANSWERS TO ALLEGATIONS AND NEGATIVE DEFENSES

1. The Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint. To the Extent that an answer is required of the Defendant, the Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. The Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. The Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Complaint. To the Extent that an answer is required of the Defendant, the Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. The Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. The Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. The Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. The Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. The Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. The Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. The Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. The Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. The Defendant denies that the Plaintiff is entitled to any of the relief requested.

**FACTS COMMON TO ALL AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

13. The Defendant has operated a Benetton store since 2000.

14. During such time, the Defendant routinely purchased inventory and other goods (such inventory and other goods being the same items referred to in the Complaint as "Goods") from the Plaintiff or the Plaintiff's affiliates, agents or related entities (all such entities referred to herein as "Benetton").

15. On or around March 1, 2008, the Plaintiff directly or through an agent (collectively the "Competing Plaintiff") or affiliate began operating retail outlets for goods sold under the brand Benetton or other related brands (such retail outlets referred to herein as "Corporate Stores") in direct and indirect competition with the Defendant.

16. After selling Goods to the Defendant, the Competing Plaintiff would advertise the same or similar Goods for sale through its Corporate Stores at a steep discount.

17. Such Goods were discounted to a retail price that was significantly below any price at which the Defendant would be able to earn any foreseeable profit.

18. Specifically, the Defendant needed to resell the Goods purchased from the Plaintiff at a price at least 3.5 times the price invoiced to the Defendant by the Plaintiff (such price at which the Plaintiff invoiced the Goods to the Defendant being the "Invoice Price").

19. The Defendant communicated the necessity of the mark-up requirement described in paragraph 40 numerous times.

20. The Plaintiff or its agent or affiliate routinely disregarded the Defendant's communications regarding mark-up and would discount the Goods in its Corporate Stores to a retail price as low as 1.32 times the Invoice Price.

21. Due to the price-cutting and other discounting by the Competing Plaintiff, the Defendant lost numerous opportunities for sales.

22. Because of the steep price competition with the Corporate Stores, the Defendant was forced to discount its Goods to the same or similar extent as the Corporate Stores.

23. The Defendant communicated to the Plaintiff numerous times that the discounts advertised by the Corporate Stores precluded the Defendant from effectively earning a profit in connection with the sale of any Goods.

24. Upon information and belief, the Competing Plaintiff discounted its Goods sold through Corporate Stores in order to drive the Defendant and other similarly situated stores or retail outlets out of business.

25. Upon information and belief, the Plaintiff sold the Goods to the Defendant knowing that Plaintiff intended to discount the Goods below the prices at which the Defendant could operate profitably.

26. The Plaintiff's price-cutting and other discounting caused irreparable harm to the business of the Defendant.

27. The Plaintiff's price-cutting and other discounting and business practices resulted in significant monetary loss to the Defendant.

28. Pursuant to its agreements with the Defendant, the Plaintiff collected advertising fees from the Defendant.

29. Further, pursuant to its agreement with the Defendant, the Plaintiff warranted that it would engage in advertising practices sufficient to maintain the market for its Goods.

30. The Plaintiff's: 1) failure to advertise; and 2) excessive, illegal or otherwise unconscionable price-cutting and other discounting resulted in the Defendant being unable to pay certain invoices submitted to the Defendant by the Plaintiff, injury to the reputation and good will of the Defendant, and significant pecuniary loss to the Defendant.

### COUNTERCLAIM ONE: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

31. The Defendant incorporates the allegations contained in paragraphs 1 through 30 as if set forth fully herein.

32. The Plaintiff's price-cutting or other discounting, establishment of corporate stores in direct or indirect competition to the Defendant and failure to advertise breached the Plaintiff's covenant of good faith and fair dealing with the Defendant in connection with the sale of Goods to the Defendant.

33. Based upon the Plaintiff's breach of the covenant of good faith and fair dealing, the Defendant is not indebted to the Plaintiff for any amount owed in connection with the sale of the Goods.

34. Additionally, the Plaintiff's breach of covenant of good faith and fair dealing resulted in injury to the reputation and good will of the Defendant, and significant pecuniary loss the Defendant.

35. Accordingly, the Plaintiff is liable to the Defendant in an amount in excess of $500,000.

### COUNTERCLAIM TWO: TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY

36. The Defendant incorporates the allegations contained in paragraphs 1 through 35 as if set forth fully herein.

37. The Defendant purchased the Goods from the Plaintiff and paid advertising fees to the

Plaintiff with the expectation that the Plaintiff would advertise the Goods in such a manner that the Defendant would be able to earn a reasonable profit upon the sale of the Goods.

38. Additionally, the Defendant purchased goods from the Plaintiff with the expectation that it could sell the Goods at a price at least 3.3 times the Invoice Price.

39. Nonetheless, the Plaintiff intentionally discounted the Goods in its Corporate Stores to a price as low as 1.4 times the Invoice Price.

40. Based upon the foregoing, the Plaintiff tortiously interfered with the Defendant's business expectancy for profit by its heavy price discounting.

41. Additionally, the Plaintiff tortiously interfered with the Defendant's business expectancy for profit by extracting advertising fees from the Defendant without the intention of using such fees for effective advertising.

42. Therefore, the Plaintiff is liable to the Defendant in an amount exceeding $500,000.

## **AFFIRMATIVE DEFENSES**

43. The Defendant incorporates the allegations contained in paragraphs 1 through 42 as if set forth fully herein.

44. The Defendant asserts the affirmative defense of illegality in that the price-cutting by the Plaintiff constituted violations of various antitrust statutes.

45. The Defendant asserts the affirmative defense of laches.

46. The Defendant asserts the affirmative defense of waiver because the Plaintiff waived its rights to sue the Plaintiff under contract by breaching its covenants of good faith with the Defendant. Additionally, the Plaintiff waived its rights in connection with the General Conditions and Authorization by its failure to enforce various provisions of the Authorization and the General Conditions, such as the provision of the Authorization

and General Conditions allegedly granting the Plaintiff interest at a rate of 18% per annum.

## REQUEST FOR RELIEF

Based upon the foregoing, the Defendant requests that this Court:

A. DENY all relief requested by the Plaintiff in its Complaint;

B. AWARD the Defendant pecuniary damages in an amount in excess of $500,000;

C. AWARD the Defendant attorneys fees and costs associated with this litigation; and

D. GRANT such other and further relief to the Defendant as this Court deems just and proper.

## JURY TRIAL DEMAND

The Defendant hereby demands a jury trial in connection with the above-captioned case.

                                              Respectfully submitted

Date: May 17, 2011                   */s/ Michael G. Dana*
                                          Michael G. Dana
                                          Bar No. 16548
                                          The Fried Law Firm, P.A.
                                          4550 Montgomery Ave., Suite 710 North
                                          Bethesda, MD 20814
                                          Telephone: (301) 656-8525
                                          *Counsel for Defendant Benemills, Inc.*

## **CERTIFICATE OF SERVICE**

      I, Michael G. Dana, hereby certify that on May 18, 2011, a copy of the foregoing Answer to Complaint, was served electronically by the Court's CM/ECF system to all parties authorized to receive such service and by first class mail, postage prepaid to the parties listed below:

Andrew L. Cole
Franklin & Prokopik
The B&O Building
Two N. Charles Street, Suite 600
Baltimore, Maryland 21201

*Counsel for Plaintiff*

Signed,

*/s/ Michael G. Dana*
Michael G. Dana